UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY THOMAS APICELLA,

    Petitioner,

v.                                          Case No.: 2:24-cv-800-SPC-NPM
                                                         2:18-cr-49-SPC-NPM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is the United States' Motion to Dismiss Apicella's 28 U.S.C. § 2255 Motion as Untimely (Doc. 7).[1] After conducting a preliminary review of Gregory Apicella's § 2255 motion, the Court invited the parties to address whether the motion is time-barred. The United States argues it is, and Apicella asks the Court to apply equitable tolling.

The United States charged Apicella with possession with intent to distribute fentanyl and methamphetamine. (Cr-Doc. 1). The United States later added three counts in a superseding indictment, one of which alleged the death of a person who took fentanyl Apicella distributed. (Cr-Doc. 41). Apicella pleaded guilty, and the Court accepted the plea. (Cr-Doc. 85). The Court

---

[1] The Court cites to documents from Case No. 2:24-cv-800-SPC-NPM as "Doc. _," documents from Case No 2:18-cr-49-SPC-NPM as "Cr-Doc. _," and documents from Eleventh Circuit Case No. 19-13505 as "App-Doc. _."

sentenced Apicella to a 292-month term of imprisonment. (Cr-Doc. 111). Apicella appealed, and the Eleventh Circuit affirmed on January 3, 2023. (Cr-Doc. 177). After granting Apicella two extensions of the time to file a motion for rehearing, the Eleventh Circuit entered an order declining to rehear the case on May 19, 2023. (App-Doc. 106). Apicella's conviction became final 90 days later, when the time to seek certiorari from the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *see also* Sup. Ct. R. 13(3).

Apicella now seeks § 2255 relief on the ground that his attorney misadvised him to reject a plea offer the government made before filing the superseding indictment. The time to file a § 2255 motion is generally one year from the date the conviction became final. 28 U.S.C. § 2255(f). There are three other potential trigger dates for the statute of limitations, *see* 28 U.S.C. § 2255(f)(2)-(4), but none of them appear applicable here. Thus, it appears window for Apicella to seek § 2255 relief closed on August 19, 2024. Apicella constructively filed his motion by delivering it to prison officials for mailing on August 27, 2024.

Apicella questions the United States' calculation of the limitations period because the Eleventh Circuit issued its mandate on May 30, 2023. But the time to seek certiorari runs from the entry of the order, not issuance of the mandate. *See Chavers v. Sec'y, Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

2

Apicella also asks the Court to apply equitable tolling. The one-year statute of limitations for federal post-conviction relief may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "equitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Attorney Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (internal quotation marks and citations omitted). A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his was and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted).

Apicella fails to establish the second element because none of the circumstances he identifies are extraordinary. Apicella claims he misunderstood when his conviction became final because he received the May 30, 2023 mandate from the Eleventh Circuit, but not the May 19 order. A simple miscalculation is not the type of exceptional circumstance that warrants equitable tolling. *See id.* at 651-52. Apicella also puts blame on his appellate counsel for failing to advise him of his right to seek certiorari. That is a "garden variety claim" of attorney negligence, not an extraordinary circumstance. *Id.* at 652. Finally, Apicella's incarceration and lack of legal education are not extraordinary circumstances. Aside from rare exceptions, all § 2255 movants are prisoners, and the Eleventh Circuit has held that a lack of

3

education is not an adequate excuse for missing a deadline. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005).

Apicella is not entitled to equitable tolling. His § 2255 motion is time-barred.

Accordingly, it is now

**ORDERED:**

United States' Motion to Dismiss Apicella's 28 U.S.C. § 2255 Motion as Untimely (Doc. 7) is **GRANTED**. Apicella's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1; Cr-Doc. 181) is **DISMISSED** as untimely. The Clerk is **DIRECTED** to terminate any pending deadlines, enter judgment dismissing the civil action, and close the civil case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 1, 2024.


SA: FTMP-1
Copies:  All Parties of Record

4